IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CARYN ERIKSON, QUINCY HYATT, and ALAINA COLLINS, | Case No. 6:25-cv-01500-AP |
| Plaintiffs, | ORDER |
| v. | |
| WISEMAN FAMILY TRUST, SAFECO INSURANCE COMPANY, and MICHAEL A. GUADAGNO, | |
| Defendants. | |

MCSHANE, Judge:

Self-represented Plaintiffs, Caryn Erikson, Quincy Hyatt, and Alaina Collins, seek a Temporary Restraining Order in this landlord/tenant dispute against Defendants Wiseman Family Trust, Safeco Insurance Company, and Michael A. Guadagno. *See* Pl.'s Mot., ECF No. 15. In screening Plaintiffs' Application for Leave to proceed *in forma pauperis*, Magistrate Judge Potter previously noted that based on Plaintiffs' own allegations, the Court appears to lack subject matter jurisdiction. Sept. 11, 2025, Order, ECF No. 8. Judge Potter granted Plaintiff 30 days to show cause why the action should not be dismissed for lack of jurisdiction. *Id.* 2.

When Plaintiffs moved for injunctive relief, the matter was referred to this Court. Sept. 18, 2025, Order. A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

1 – Order

*Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

Plaintiffs bring state law claims for breach of contract, negligence, bad faith insurance practices, retaliation, and declaratory and injunctive relief. Compl. 2, ECF No. 2. In their Complaint, Plaintiffs assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only when there is complete diversity between the parties. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal."). Here, where Plaintiffs are Oregon residents and the Complaint alleges that Defendant Safeco is an Oregon corporation, there is not complete diversity, so the Court lacks subject matter jurisdiction and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The Court notes that Plaintiffs do not dispute that Safeco is an Oregon corporation. Instead, Plaintiffs merely argue that because nonparty Liberty Mutual Insurance Company "handled the matter through its national claims system," and because Liberty Mutual is headquartered in Massachusetts, complete diversity exists. Pl.s' Resp. Show Cause 1, ECF No. 9. As demonstrated above, however, Plaintiffs must establish diversity not as to parties *not named in the Complaint*, but rather as to each named Defendant. *Newman-Green, Inc.*, 490 U.S. at 829. As Plaintiffs' multiple responses confirm that this Court lacks subject matter jurisdiction, Plaintiffs cannot establish any likelihood of success on the merits of their claims. Therefore,

Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 15, is DENIED.

Additionally, Defendant Guadagno moves to dismiss Plaintiffs' claims for lack of diversity jurisdiction. Mot. Dismiss 2-4, ECF No. 11. In response, Plaintiffs note that "[a]lthough Safeco Insurance Company of Oregon is incorporated in Oregon, the insurance claim at issue was not administered solely by that entity." Pl.s' Resp. 1, ECF No. 13. Plaintiffs also argue that "federal judicial oversight" is justified here, in part because the state trial court previously denied Plaintiffs' request for emergency injunctive relief. *Id.* 2.

Federal courts, however, are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party's mere disagreement with a state court ruling does not confer a federal court with subject matter jurisdiction. Because this action does not involve any federal question, and because there is not complete diversity between the parties, the motion to dismiss, ECF No. 11, is GRANTED. This action is DISMISSED for lack of jurisdiction. *See* 28 U.S.C. §§ 1331 (federal question involves actions arising out of federal laws); *see also* 1332(a)(1) (diversity jurisdiction only exists in actions between "citizens of different states"); *see also* Fed. R. Civ. P. 12(h)(3) (the Court must dismiss any case over which it lacks subject matter jurisdiction).

IT IS SO ORDERED.

DATED this 19th day of September 2025.

                                              _s/Michael J. McShane_
                                                  Michael McShane
                                            United States District Judge